
```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

RONALD WASHBURN, III,            :
                                 :
        Plaintiff,               :
                                 :
    v.                           :    CASE NO. 3:15-cv-226(RNC)
                                 :
SHANNON SHERRY, ET AL.,          :
                                 :
        Defendants.              :

**RULING AND ORDER**

Ronald Washburn, III, a Connecticut prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983 to obtain damages and other relief for alleged violations of his federal constitutional rights.[1]  The action concerns (1) an investigation and prosecution that resulted in the plaintiff's conviction and

---

[1] The original complaint filed by the plaintiff in this action failed to comply with Federal Rule of Civil Procedure 10(a), which requires that all defendants be listed in the caption.  In response, the plaintiff has filed a document that lists thirty defendants in the caption but includes no allegations in the body of the document.  See Am. Compl. (ECF No. 5).  Treating this document as the amended complaint, it is deficient in that it fails to include any facts or a claim for relief. See Fed. R. Civ. P. 8(a) (complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include . . . different types of relief"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs.").  It is apparent, however, that the pro se plaintiff intended to incorporate in this document the allegations contained in his original complaint. Accordingly, rather than dismiss the amended complaint and require the plaintiff to file yet another complaint, the Court deems the amended complaint to include the allegations contained in the original.

imprisonment for assault in the first degree and violation of probation and (2) a related proceeding involving forfeiture of $1,776 in currency that was seized from the plaintiff's home at the time of his arrest.  The complaint asserts that the convictions are "improper and illegal," Compl. (ECF No. 1) ¶ 125, and that the plaintiff is entitled to possession of the currency, which has been forfeited by default, id. ¶ 128.  Named as defendants are Norwalk police officers and supervisory personnel; Connecticut Superior Court judges and staff; Connecticut Appellate Court clerks; state prosecutors; the plaintiff's criminal defense attorney; personnel of the Connecticut Office of Adult Probation; and witnesses in the underlying criminal case.

Under 28 U.S.C. § 1915A, a court must review as soon as practicable a prisoner's complaint against governmental officers and employees and dismiss any part of the complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief.  To withstand review under § 1915A, a complaint must provide factual allegations, not just legal conclusions, and the factual allegations must support a plausible claim for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A complaint satisfies the plausibility standard when it pleads facts that allow the court to draw a reasonable inference

that one or more of the named defendants is liable for the alleged constitutional violation.  Id.  Having conducted the review required by § 1915A, the Court concludes that the complaint must be dismissed.

I.   Summary of the Claims

Plaintiff claims, among other things, that his home was searched by Norwalk police without a valid warrant; he was arrested by the Norwalk police without probable cause; Norwalk police and others fabricated a case against him by falsifying evidence and tampering with evidence; state judges, prosecutors and his own attorney conspired against him to coerce him to plead guilty to the assault charge; the hearing on the violation of probation was tainted by perjury; a Superior Court judge has denied plaintiff's motions to recover possession of the currency in violation of plaintiff's rights under state law; and personnel in the Clerk's Office of the Connecticut Appellate Court have rejected his attempts to appeal the judge's unlawful orders.

II.  Analysis

   A.   The Claims Concerning the Plaintiff's Convictions

The complaint explicitly challenges the validity of the plaintiff's convictions for assault and violation of probation. See Compl. (ECF No. 1) ¶ 125 ("[B]oth of my convictions are improper and illegal.").  Accordingly, it is properly construed

3

as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. A federal court may not entertain a state prisoner's claim for habeas relief under § 2254 unless the petitioner has exhausted state court remedies.  28 U.S.C. § 2254(b)(1)(A); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a state prisoner must present his claims to the highest court of the state.  See id. at 845; Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).  In this case, the complaint alleges that the plaintiff commenced an action for a writ of habeas corpus in state court on December 26, 2013, a lawyer is representing him, and a trial is scheduled to start April 27. See Compl. (ECF No. 1) ¶ 92.  In light of these allegations, the Court must conclude that the plaintiff has not yet exhausted available state court remedies.  Accordingly, to the extent the complaint seeks to challenge the validity of the plaintiff's convictions for assault and violation of probation, it is dismissed without prejudice for failure to comply with the exhaustion requirement.

    B.    <u>The Claims for Damages Under 42 U.S.C. § 1983</u>

Plaintiff's state court convictions also bear significantly on his ability to bring claims for damages under § 1983.  When a state prisoner seeks damages on a claim that necessarily implicates the validity of a state court conviction, the prisoner

cannot proceed under § 1983 unless he demonstrates that the conviction has been overturned.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In this case, nearly all the claims in the complaint necessarily implicate the validity of the plaintiff's convictions for assault and violation of probation, and thus may not be brought unless and until the convictions are overturned.  The only claims that do not appear to be barred by Heck are the claims concerning the search of the house and the forfeiture of the currency.  Assuming these claims are not barred, they fail to withstand review under § 1915A for other reasons.

With regard to the search of the plaintiff's house, the complaint alleges that the officers had a search warrant issued by the Stamford Superior Court.  Compl. (ECF No. 1) ¶ 37.  A search warrant carries a presumption of validity.  Overcoming that presumption typically requires a showing that the warrant was issued in reliance on an affidavit that was deliberately or recklessly false with regard to an important matter.  See Franks v. Delaware, 438 U.S. 154, 155-56 (1978).  In this case, the complaint alleges that the officers lacked a valid warrant.  Id. ¶ 105, 117.  But the factual allegations of the complaint do not permit the Court to draw a reasonable inference that the warrant was invalid.

Turning to the claim regarding the forfeiture of the currency, the plaintiff does not allege that the procedural safeguards provided by the state with regard to forfeiture of property violate due process. Rather, the complaint alleges that Superior Court Judge Gary White has unlawfully denied plaintiff's motions seeking to reclaim the money, and that personnel in the Office of the Clerk of the Appellate Court, acting in excess of their statutory authority, are denying him access to appeal the unlawful orders. Compl. (ECF No. 1) ¶¶ 128, 129. These allegations are conclusory in nature and therefore fail to satisfy the plausibility standard. Moreover, the plaintiff's § 1983 claim regarding the forfeited currency does not provide a basis for relief due to certain legal principles applicable to actions in federal court arising from state court proceedings. To the extent he is asking this Court to interfere with an ongoing forfeiture proceeding, the Court must abstain. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982); Kirschner v. Klemons, 225 F.3d 227, 233-34 (2d Cir. 2000). And to the extent he is seeking to appeal a final order of forfeiture, this Court does not have jurisdiction to review the order. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005).

III. Conclusion

Accordingly, the amended complaint is hereby dismissed without prejudice pursuant to § 1915A for failure to state a claim under § 1983 on which relief may be granted. Because the complaint does not present a claim for relief under § 1983, the Court declines to consider whether the allegations of the complaint might be sufficient to state a claim for relief under state law and any such claims are dismissed without prejudice.

If the plaintiff believes he can plead facts showing that the warrant to search his house was invalid, and thus the search violated his rights under the Fourth Amendment, he may file a second amended complaint setting forth that claim under § 1983 on or before April 1, 2016. In that event, the caption must list the defendants who are being sued for the allegedly unconstitutional search and the body of the document must contain factual allegations showing why each named defendant is liable for the violation. No other claims may be included in the second amended complaint.

So ordered this 25th day of February, 2016.

/s/ RNC
Robert N. Chatigny
United States District Judge