UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD WASHBURN, III, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:15-cv-226(RNC) |
| SHANNON SHERRY, ET AL., | : |
| Defendants. | : |

RULING AND ORDER

Ronald Washburn, III, proceeding pro se, has filed a second amended complaint. The amended complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. The allegations in the second amended complaint do not plead a § 1983 claim on which relief may be granted. Accordingly, the action is dismissed.

This case arises from the investigation and prosecution of charges stemming from an assault. Plaintiff pleaded guilty to assault in the first degree and received a sentence of ten years' imprisonment. See State v. Washburn, FST-CR12-0131607-T (Conn. Super. Ct. June 27, 2013). He was on probation at the time of the assault and received a sentence of five years' imprisonment for violating his probation. See State v. Washburn, No. FSTCR06112312, 2016 WL 551244 (Conn. Super. Ct. Jan. 15, 2016).

He claims that he was convicted as a result of violations of his constitutional rights for which he seeks damages under § 1983.

In the ruling dismissing the amended complaint, the Court explained that nearly all of plaintiff's § 1983 claims, if successful, would necessarily imply the invalidity of his convictions and thus were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff was given an opportunity to file a second amended complaint limited to a § 1983 claim that his home was searched in violation of the Fourth Amendment. Under Heck, a suit for damages caused by an allegedly unconstitutional search may be maintained even if the search produced evidence used to obtain a still-outstanding conviction. See id. at 487 n.7. To recover damages in such a case, however, "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury . . . which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." Id.

In the second amended complaint, plaintiff alleges that he was arrested in his home pursuant to an arrest warrant for him and a search warrant for his home. He contends that both warrants were invalid. However, the validity of the arrest warrant is not open to challenge here due to the plaintiff's still-outstanding conviction for assault. See Cameron v.

Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986) (section 1983 claim for false arrest is precluded by plaintiff's conviction for offense for which he was arrested); Roundtree v. City of New York, 778 F. Supp. 614, 619 (E.D.N.Y. 1991) (Cameron rule applies to conviction based on guilty plea). Because the arrest warrant must be deemed valid for present purposes, plaintiff cannot prove that the officers' entry into the home was unlawful. See Payton v. New York, 445 U.S. 573, 602-03 (1980)(arrest warrant authorizes officers to enter dwelling where suspect resides in order to make arrest). The assault conviction also precludes a § 1983 claim based on a search conducted incident to the arrest. See Roundtree, 778 F. Supp. at 620.

The second amended complaint does not allege that the search of plaintiff's home exceeded the scope of a search incident to arrest. Nor does it allege any injury caused by the search itself. Instead, the injury plaintiff alleges is his wrongful conviction and imprisonment. As discussed above, plaintiff's still-outstanding assault conviction prevents him from recovering for any such injury. Accordingly, the second amended complaint fails to state a claim on which relief may be granted. See Marshall v. City of New York, No. 10 Civ. 3137(PKC), 2010 WL 4739810, at *2 (S.D.N.Y. Nov. 17, 2010).

There appears to be no point in giving plaintiff an opportunity to file a third amended complaint. It is apparent that plaintiff is seeking to recover damages under § 1983 for his allegedly wrongful conviction and imprisonment. As long as his assault conviction remains outstanding, however, <u>Heck</u> prevents him from suing under § 1983. Plaintiff has been given an opportunity to plead a Fourth Amendment claim falling outside the scope of <u>Heck</u>. His allegations, liberally construed, do not show either that an unlawful search of his home was conducted or that it caused him a compensable injury.

Accordingly, the action is dismissed. The Clerk may close the file.

So ordered this 6th day of February 2018.

/s/ RNC
Robert N. Chatigny
United States District Judge